**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Wayne R. Trotman,<br><br>               Debtor(s)<br><br>Rocket Mortgage, LLC,<br><br>               Movant<br>   vs.<br><br>Wayne R. Trotman,<br><br>               Debtor(s) | CHAPTER 11<br><br><br>NO. 22-11225-MDC<br><br><br>11 U.S.C. Section 362 |

**STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. Wayne R. Trotman (hereinafter "Debtor") filed a petition under Chapter 11 of the Bankruptcy Code with this Honorable Court on May 12, 2022. Subsequently, on December 4, 2023, Rocket Mortgage, LLC (hereinafter "Movant") filed a Motion for Relief from the Automatic Stay ("Motion for Relief") with the Court to lift the automatic stay under 11 U.S.C. §362(a) to proceed with exercising its rights as mortgagee of real property located at 17 Bellinghamshire Place, New Hope Pennsylvania 18938 ("Property") under state law. (Docket #48). Debtor filed a Response in Opposition to Movant's Motion for Relief. (Docket #54). The parties have agreed to this Stipulation to resolve this contested Motion for Relief in Debtor's Chapter 11 bankruptcy case ("Stipulation").

2. Debtor's Schedule A/B listed the value of the premises to be $1,200,000.00 and that it is co-owned as tenants in common with another person. The Debtor shall not seek to modify this value through a chapter 11 plan without the express written consent of the Movant.

3. Both parties agree that Movant's proof of claim as listed in, filed with the Court on February 1, 2023 is $1,319,167.77, with arrearage of $307,023.58. This claim is secured by a valid Mortgage recorded in the Bucks County Recorder of Deeds Office and that Mortgage is attached to Movant's proof of claim above-referenced Motion for Relief from the Automatic Stay in this Chapter 11 case.

4. Commencing February 1, 2024, or within 14 days after this stipulation is approved by the Bankruptcy Court whichever occurs later, Debtor shall tender to Movant monthly mortgage payments in

the amount of $9,432.71 and the 1st of each month thereafter. These post-petition payments shall be applied to the loan contractually until Debtor sells the Property.

    5.    Commencing March 15, 2024, Debtor shall also tender to Movant, in addition to the amount in Section 4 *supra*, monthly adequate protection payments in the amount of $2,000.00 and the 15th of each month thereafter. These payments shall be applied to the loan to the post-petition arrearage that has accrued until Debtor sells the Property.

    6.    Effective immediately, Debtor is responsible for the timely payment of property taxes and maintaining insurance for the Property, including, but not limited to any flood insurance for the Property showing Movant as a loss payee/mortgagee as may be required under the Loan Documents. Debtor agrees to provide Movant's counsel with proof of such insurance within ten (10) business days of executing this Stipulation, and upon written request for proof payment and/or insurance renewals by Movant's counsel.

    7.    In the event the monthly mortgage payment or adequate protection payment under Section 4 and 5 above is not tendered, or the Debtor fails to timely pay to property taxes or maintain insurance for the Property per Section 6 above pursuant to the terms of this Stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) calendar days of the date of said notice. If Debtor should fail to cure the default within the fifteen (15) days, Movant may file a Certification of Default and Order Terminating the Automatic Stay with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay as to the Property and including waiver of the stay provided by Bankruptcy Rule 4001(a)(3).

    8.    In addition to the maintaining the obligations set forth in Section 4 and 5 above, Debtor will list and market the Property with a licensed Pennsylvania real estate broker and sell the Property pursuant to section 363(b) or section 363(f) of the Bankruptcy Code for a list price sufficient to payoff Movant's secured claim against the Property, after

taxes, superior liens to the Movant's mortgage lien and closing costs and effectuate settlement on or before August 1, 2024.

9. If the Debtor has failed to sell the Property and close on the Property by the August 1, 2024 deadline as set forth in Section 8 *supra*, Movant shall file a Certification of Default the Automatic Stay whereupon the Bankruptcy Court shall terminate the automatic stay of 11 U.S.C. § 362(a) without further notice by issuing an Order of the Court, including waiver of Bankruptcy Rule 4001(a)(3), and Movant may immediately proceed with its remedies under the Loan Documents and applicable State law as to the Property. Debtor agrees not to object to any Certification of Default under this provision, namely paragraph 8 that sets forth the August 1, 2024 deadline which makes time of the essence in selling the Property under this Stipulation.

10. Debtor agrees that Movant's mortgage lien against the Property will not be satisfied until Movant is in receipt of any payoff funds of the mortgage lien pursuant to the Loan Documents. Furthermore, Movant reserves the right to object to any Motion to Sell Real Estate under section 363 of the Bankruptcy Code if the payoff language in the motion and/or proposed Order alters the terms of this Stipulation or does not adequately payoff Movant's mortgage lien.

11. Nothing in this Stipulation prevents Debtor from amending his Chapter 11 plan or filing a series of amendments/modifications to its plan; similarly, nothing in this Stipulation compels Movant to vote to accept Debtor's Chapter 11 plan, and Movant maintains its right to object to any Chapter 11 Plan filed by Debtor in this case. Additionally, this Stipulation shall not be construed as a stipulation for the treatment of Movant's claim under Debtor's Chapter 11 Plan; however, nothing in this Stipulation shall prohibit the parties from entering a subsequent stipulation with respect to the treatment of Movant's claim in any Chapter 11 Plan should they so desire.

12. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and Order Terminating the Automatic Stay, and the Court shall enter an order granting Movant relief from the automatic stay.

13. If the instant bankruptcy is terminated by either dismissal or discharge, this Stipulation shall be null and void, and is not binding upon the parties.

14. The provisions of this Stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this Stipulation, including fees and costs, due under the terms of the mortgage and applicable law or for purpose of its claim under Debtor's Chapter 11 Plan.

15. The parties agree that a facsimile signature or authorized electronic signature shall be considered an original signature under this Stipulation.

Date: March 4, 2024

Mark A. Cronin, Esquire
Attorney for Movant

Date: 03-04-24

Diana M. Dixon, Esquire
Attorney for Debtor

Approved and so ordered by the Court this _____ day of _____, 2024.

_____
Magdeline D. Coleman
Chief Bankruptcy Judge