UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-2(c)**
Gorski & Knowlton PC
By: Allen I. Gorski, Esquire
311 Whitehorse Ave, Suite A
Hamilton, New Jersey 08610
(609) 964-4000
(609) 528-0721 - facsimile
agorski@gorskiknowlton.com
Attorneys for DSO Creditor, Victoria Watts-Trotman

In Re:

Wayne R. Trotman,

Debtor(s)

Chapter 11

Case No.: 22-11225

Judge: Patricia M. Mayer

Date: August 7, 2024 at 9:30 a.m.

## OBJECTION TO ADEQUACY OF THE DISCLOSURE STATEMENT

Gorski & Knowlton, PC, Attorneys for the non-debtor ex-spouse and domestic support obligation, Creditor, Victoria Watts-Trotman, hereby object to the adequacy of the Debtor's Disclosure statement.

1. We filed a DSO claim on behalf of Victoria Watts-Trotman July 25, 2022, claim #6 in the amount of $219,898.53. To date the claim has not been contested. The claim was amended recently to $244,898.53. Although the Debtor has paid the post-petition Domestic Support Obligations, more than two years have elapsed since the bankruptcy filing and no payments have been made towards the pre-petition Domestic Support Obligation claim.

2. The Plan violates the Absolute Priority Rule and as such, cannot be confirmed. See Norwest Bank Worthington v. Ahlers, 485 U.S. 197 (1988) ("the absolute priority rule provides that a dissenting class of unsecured creditors must be provided for in full before any junior class can receive or retain any property [under a reorganization] plan").

3. The Debtors Plan violates the Absolute Priority Rule. The Victoria Watts-Trotman Domestic Support Obligation claim in class 6 is paid pro rata with priority and secured tax claims

of the Internal Revenue Service classes 7&5, priority claim of the PA Department of Revenue, Class 8 and general unsecured class number 9. Pursuant to 11U.S.C.§507(a)(1)(A) allowed unsecured claims for Domestic Support Obligations are entitled to the first priority. The statue is clear as to the priority of the Domestic Support Obligation claim. As the Debtor's Plan provides for payment of other priority and secured claims before payment in full of the Domestic Support Obligation claim, the Debtor's Plan violates the absolute priority rule.

4. The Bankruptcy Code requires that a disclosure statement provide "adequate information" regarding the terms of the Plan:

> An acceptance or rejection of a plan may not be solicited after commencement of the case under this title from a holder of a claim or interest…unless, at the time of or before such solicitation, there is transmitted to such holder the plan or a summary of the plan, and a written disclosure statement, approved, after notice and a hearing, by the court as containing *adequate information*.

11 U.S.C.§1125(b) (emphasis added).

5. "Adequate Information" is reviewed in terms of the information a reasonable investor would need to make an informed judgment on the Plan:

> "[A]dequate information" means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the conditions of the debtor's books and records, that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan….

6. The Debtor's cash flow projection (Exhibit B to the Disclosure Statement) only shows the Debtor's income and household expenses. The cash flow projections do not show the payments to each of the classes of creditors under the proposed chapter 11 Plan.

7. The Debtor's cash flow projections also do not knowledge sufficient child support-college for the Debtor's son. The Debtor list $38,160.00 in only one year. The Debtor's son took a gap year and will begin college tuition in the fall of 2025 through the Spring of 2029 therefore, tuition

should be on the cash flow projections for all four years. Tuition is also likely to increase each year.

8. The Debtor's cash flow projections also list child support for 3 years. The child support should continue at $9,000.00 a year ($750.00 month) for the entire duration of the Debtor's son college duration.

9. The DSO creditor, Victoria Watts-Trotman recently filed an amended domestic support obligation claim adding $25,000.00 to the balance which is now $244,898.53. The DSO creditor was to receive an additional $25,000.00 from the sale of the marital home pursuant to the consent order dated May 25, 2017, attached to the Proof of Claim and the Amended Proof of Claim. As it appears unlikely that the residence will be sold privately, Rocket Mortgage has relief from the automatic stay effective August 1, 2024. The additional $25,000.00 is a Domestic Support Obligation that also must be paid through the plan.

10. The liquidation analysis attached as Exhibit C to the Disclosure Statement is similarly lacking. The liquidation analysis aggregates all secured and priority claims. Each asset should show the corresponding secured claim to determine likelihood of any equity in any single asset.

11. The Debtor anticipates funding of the Plan may come from the sale of the Debtor's residence, but the Debtor provides insufficient information regarding the history with Rocket Mortgage and the marketing of the property. The March 6, 2024 Stipulation of Settlement briefly referenced by the Debtor with Rocket Mortgage provides for the Debtor to sell the property by August 1, 2024 with time of the essence. If the property is not sold by August 1, 2024 secured creditor, Rocket Mortgage will obtain relief from the automatic stay. Unless this provision of the Stipulation March 6, 2024 resolving the Rocket Mortgage stay motion is modified, the Debtor's marketing of the residence by court appointed realtor, and the potential funding of the plan through a sale of the property is moot.

12. The March 6, 2024 Stipulation also stipulates that the amount due to Rocket Mortgage as of February 1, 2023 was $1,319,166.77 with an arrearage of $307,023.58. The amount due to the

secured creditor is omitted from the Disclosure Statement. Given the reduction of the listing price from $1.775 million dollars to $1.675 million dollars and the mortgage payoff as of February 1st being $1,626,000.00 funding of the plan from the sale of the property is extremely unlikely and speculative at best. For all these reasons, the Domestic Support Obligation creditor asserts that the plan does provide adequate information pursuant to 11U.S.C.§1125(a).

_____
ALLEN I. GORSKI
Gorski & Knowlton PC
Attorneys for DSO Creditor,
Victoria Watts-Trotman

| | 6/30/2024 | 6/30/2025 | 6/30/2026 | 6/30/2027 | 6/30/2028 | 6/30/2029 |
|---|---|---|---|---|---|---|
| **Income:** | | | | | | |
| **Client** | | | | | | |
| ADDENDA Capital | - | 33,750 | - | - | - | - |
| GFMI | - | 6,616 | 6,900 | 6,900 | 6,900 | 6,900 |
| GFMI | - | 2,300 | 2,300 | 2,300 | 2,300 | 2,300 |
| Bank of St. Lucia | - | 34,400 | 20,000 | 20,000 | 10,000 | 10,000 |
| Moody's Inc. 6/30/24 YTD | $99,011 | 198,000 | 198,000 | 198,000 | 198,000 | 198,000 |
| Moody's Inc. 12/31/24 YTD | $198,022 | | | | | |
| Addenda/GFMI | | | | | | |
| & Bank of St. Lucia | $77,066 | | | | | |
| **Pro-Forma** | | | | | | |
| **January 24 - December 24** | 275,088 | 274,968 | 227,200 | 227,200 | 217,200 | 217,200 |
| **Expenses:** | | | | | | |
| Housing | | 42,000 | 42,000 | 42,000 | 42,000 | 42,000 |
| Utilities | | 9,000 | 9,000 | 9,000 | 9,000 | 9,000 |
| Auto & Ins. | | 12,024 | 12,024 | 12,024 | 12,024 | 12,024 |
| Repairs/Maint. Gas | | 5,200 | 5,200 | 5,200 | 5,200 | 5,200 |
| Food | | 7,200 | 7,200 | 7,200 | 7,200 | 7,200 |
| Health Insurance | | 8,400 | 8,400 | 8,400 | 8,400 | 8,400 |
| Prescription Co-Pays | | 480 | 480 | 480 | 480 | 480 |
| Technology Subscriptions | | 2,250 | 2,250 | 2,250 | 2,250 | 2,250 |
| Restaurants | | 1,900 | 1,900 | 1,900 | 1,900 | 1,900 |
| Child Support | | 12,000 | 9,000 | 9,000 | - | - |
| Child Support - College | | 38,160 | - | - | - | - |
| Taxes | | 41,245 | 34,080 | 34,080 | 32,580 | 32,580 |
| Vacation, misc. Josh exps, holiday gifts, charitable | | 3,000 | 3,000 | 3,000 | 3,000 | 3,000 |
| **Total Expenses** | | 182,859 | 134,534 | 134,534 | 124,034 | 124,034 |
| **Net Cash Flow** | | 92,109 | 92,666 | 92,666 | 93,166 | 93,166 |