IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**In Re**:  Wayne R. Trotman                                                    :Bankruptcy No. 22-11225

         Debtor                                                                      :Chapter 11

ORDER CONFIRMING DEBTOR'S
CHAPTER 11 PLAN OF REORGANIZATION

AND NOW, this 8th day of January, 2025, this matter having come before the Court upon the Debtor's Motion for Confirmation of the Second Amended Plan of Reorganization (the "Plan"), and the Court having considered the Plan, the Disclosure Statement, the record of the Confirmation Hearing, and all other relevant documents and arguments presented, and there having been no objection to the Plan

    IT IS HEREBY FOUND AND DETERMINED:

1. The Bankruptcy Court has jurisdiction over the Chapter 11 Case pursuant to 28 U.S.C. Sections 157(a)-(b) and 1334. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. Section 157(b), and the Bankruptcy Court has the power to enter a final order under the U.S. Constitution determining that the Plan and the Plan Documents comply with the applicable provisions of the Bankruptcy Code and applicable law and should be confirmed. Venue is proper before the Bankruptcy Court pursuant to 28 U.S.C. Section 1408.

2. The Debtor is and continues to be qualified to be a Debtor in a Chapter 11 case under 28 U.S.C. Section 109(a).

3. The Bankruptcy Court takes judicial notice of the docket of the Chapter 11 case maintained by the clerk of the Bankruptcy Court of the Eastern District of Pennsylvania including all pleadings and other documents filed, all Orders entered and

all evidence and arguments made, proffered or adduced at the confirmation hearing held before the Bankruptcy Court

4. The Debtor's Plan of Reorganization is hereby CONFIRMED pursuant to Section 1129 of the United States Bankruptcy Code (hereinafter "Bankruptcy Code"). The Plan satisfies the requirements for Confirmation as set forth in section 1129 (a) of the Bankruptcy Code.

5. As evidenced by the Voting Report, each of the impaired Classes voted to accept the Plan.

6. The Plan has been proposed in good faith and not by any means forbidden by law.

7. The classification of claims as set forth in the Plan is proper under section 1122(a) of the Bankruptcy Code. Each Class of Claims contains only Claims that are substantially similar to the other Claims within each Class. The classification of Claims under the Plan is fair, reasonable and appropriate and was not done for any improper purpose.

8. All claims of creditors, as classified and treated in the Plan, shall be paid in accordance with the terms as set forth in the Plan.

9. The Debtor shall strictly comply with all provisions of the confirmed Plan, including the timely payment of all amounts due to creditors as per the Plan's schedule.

10. The Debtor shall file quarterly plan implementation reports and pay quarterly fees owed pursuant to 28 U.S.C. Section 1930 until the case is closed.

10. The Court shall retain jurisdiction to address any disputes that may arise during the implementation of the Plan

BY THE COURT

Date:  January 8, 2025

_____
Patricia M. Mayer
U.S. BANKRUPTCY JUDGE